UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY PENNINGTON,

    Plaintiff,

v.    Case No. 8:18-cv-2114-T-33SPF

COVIDIEN LP, and
MEDTRONIC, INC.,

    Defendants.
_____/

**ORDER**

Defendants Covidien LP and Medtronic, Inc. removed this products liability case on August 24, 2018, asserting that the requirements for this Court's exercise of diversity jurisdiction have been satisfied. As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

**I.   Legal Standard**

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405,

410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is also appropriate when an amended pleading, motion, or "other paper" establishes that the jurisdictional requirements are satisfied. 28 U.S.C. § 1446(b)(3).

In removed cases, 28 U.S.C. § 1447(c) specifies: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**II. Discussion**

In the Notice of Removal, Defendants predicate federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Although Defendants have made an adequate showing concerning complete diversity of citizenship between the parties, the Notice of Removal does not satisfy the Court that the jurisdictional amount has been satisfied.

Defendants summarize the damages as follows in the Notice of Removal: "Plaintiff alleges he underwent 'ventral herniorrhaphy with mesh graft in which a Parietex Composite Mesh [manufactured by the Defendants] was used' and has since experienced 'fatigue, severe abdominal pain, infections, fistula formation and multiple hospitalizations.'" (Doc. # 1 at ¶ 11). Defendants add that Plaintiff seeks "damages, costs, and interest, including great bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, aggravation of pre-existing condition, expense of hospitalization, medical and nursing care and treatment." (Id. at ¶ 12). Likewise, the Amended

3

Complaint, seeking damages "exceeding fifteen thousand dollars," describes Plaintiff's 2008, operation using Parietex Composite Mesh, but sheds little light on the amount in controversy. (Doc. # 13 at ¶ 1).

Accordingly, on September 12, 2018, the Court entered an Order reminding Defendants of their burden to establish the amount in controversy and giving Defendants the opportunity to support the removal of this action. (Doc. # 19). The Court specifically highlighted that no medical bills had been provided or discussed. (Id.). On September 18, 2018, Defendants responded to the Court's Order with a single statement: "That Plaintiff has clarified that he seeks damages exceeding the sum or value of $75,000.00." (Doc. # 21). Defendants attach "Plaintiff's Certification of Amount in Controversy" in which Plaintiff's counsel certifies: "Plaintiff seeks damages exceeding the sum or value of $75,000.00 in the instant action." (Doc. # 21-1). No other statements, evidence, or analysis has been provided.

Glaringly absent from the Court's file are any medical bills or other evidence bearing on the damages. And, as previously stated, the Amended Complaint merely alleges damages in excess of $15,000 dollars. Without any further specificity on damages, Defendants, as the removing parties,

4

bear the burden of proving by a preponderance of the evidence that the amount in controversy is in excess of $75,000. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). The removing defendant bears the burden of establishing facts that support federal jurisdiction. See Allen v. Toyota Motor Sales, U.S.A., Inc., 155 Fed. App'x 480, 481 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20.

Here, Defendants rely on Plaintiff's generic "certification" that he seeks an amount in excess of $75,000. Such certifications may carry the day when they are detailed and contain substantive factual information. However, the certification before the Court is devoid of the kind of factual information that is necessary to make a jurisdictional finding. Plaintiff's certification does not satisfy the Court that the amount in controversy is satisfied because "a plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient." Eckert v. Sears, Roebuck & Co., No. 8:13-cv-2599-T-23EAJ, 2013 U.S. Dist. LEXIS 149561, *3 (M.D. Fla. Oct. 17, 2013). As the Eckert court explained:

5

> The court has an obligation to determine that the requisite jurisdictional amount is satisfied and that inquiry is independent of the parties' assertions or desires to litigate in federal court. Allowing the parties to invoke jurisdiction by merely claiming in concert that the amount-in-controversy exceeds the jurisdictional requirement is tantamount to allowing the parties to consent to removal jurisdiction. Thus, although a plaintiff may stipulate to an amount less than the jurisdictional minimum to avoid removal, the converse is not true. Jurisdiction cannot be assumed without further inquiry based on the plaintiff's stipulation that the plaintiff is seeking more.

Id. at *3-4 (internal citations and quotation marks omitted).

Here, Plaintiff's certification (1) offers no factual basis to support that the amount in controversy requirement is satisfied; (2) is nothing more than a legal conclusion; and (3) fails to relieve the removing Defendants of the obligation to demonstrate facts supporting the existence of federal subject matter jurisdiction. Accord Wood v. Wal-Mart Stores, E. LP, No. 8:16-cv-3477-T-33AAS, 2016 U.S. Dist. LEXIS 178524, at *2 (M.D. Fla. Dec. 27, 2016)(remanding slip and fall action when removal was predicated upon plaintiff's "admission" that she alleged damages in excess of $75,000 because "jurisdictional objections cannot be forfeited or waived"(citing Eckert, 2013 U.S. Dist. LEXIS 149561, at *3)); Martinez v. First Liberty Ins. Corp., No. 8:14-cv-3148-T-23AEP, 2015 U.S. Dist. LEXIS 69001, at *3 (M.D. Fla. May 28,

2015)(remanding breach of contract action when notice of removal was predicated on plaintiff's admission that the amount in controversy exceeded $75,000 and provided no factual basis in support of that legal conclusion).

Defendants, as the removing parties, have not shown by a preponderance of the evidence that the amount in controversy plausibly exceeds $75,000. Therefore, the Court remands the case to state court because "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is remanded under 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of September, 2018.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE